IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**RICKY RONNELLL EWING**                                                               **PLAINTIFF**

**v.**                                                                                     **1:16-cv-46-HSO-JCG**

**MIKEL PEABODY and MITCHEAL**                                                  **DEFENDANTS**
**TAYLOR**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the Amended Motion for Summary Judgment for Failure to Exhaust Available Administrative Remedies (ECF No. 22), filed by Defendants Mikel Peabody and Mitcheal Taylor. Plaintiff Ricky Ronnell Ewing is a postconviction prisoner in the custody of the Mississippi Department of Corrections ("MDOC") at South Mississippi Correctional Institute ("SMCI") who is proceeding *pro se* and *in forma pauperis.* Plaintiff responded to Defendants' Amended Motion for Summary Judgment and Defendants replied. (ECF No. 24); (ECF No. 25). At his omnibus hearing[1] and in his Response in Opposition (ECF No. 24), Plaintiff admitted facts demonstrating that he did not fully exhaust the Administrative Remedy Program ("ARP") adopted by the MDOC before filing this lawsuit. Plaintiff's claims are barred by 42 U.S.C. § 1997e(a) for Plaintiff's failure to exhaust available administrative remedies, and Defendants' Amended Motion for Summary Judgment (ECF No. 22) should therefore be granted.

---

[1] The omnibus hearing, which was held on January 31, 2017, functioned as a screening hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

I. BACKGROUND

Plaintiff is a frequent *in forma pauperis* prisoner filer, who had one qualifying dismissal or "strike" at the time he filed this suit on February 16, 2016.[2] He has since accumulated two more strikes.[3] There are currently twelve suits pending in this Court filed by Plaintiff.[4]

In this suit, Plaintiff's primary allegation is that, on January 26, 2016, Mikel Peabody and Lieutenant David Horn ordered him off his bed and to take off his clothes for a strip search in the presence of female correctional officers, and that this made him feel humiliated.[5] (ECF No. 1, at 4). He seeks $800,000,000.00 "for [his] pain and suffering, for harassing [him] and discrimination, conspiracy, and [sic] been races." *Id.* In the space provided on the form Complaint, Plaintiff checked "yes" when asked if he had completed the ARP regarding the claims presented in his Complaint. *Id.* at 3. He indicated that he submitted these claims to the ARP on

---

[2] A qualifying dismissal or "strike" is "an action or appeal in a court of the United States that [is] dismissed on grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). A prisoner with three of more strikes cannot proceed *in forma pauperis* in a civil action or appeal "unless the prisoner is under imminent danger of serious physical injury." *Id.* In *Ewing v. Jones*, 1:15-cv-254-HSO-JCG (S.D. Miss. Feb. 1, 2016), Plaintiff's suit was dismissed as malicious because Plaintiff was pursuing the same claims in civil action number 1:15-cv-253-LG-RHW.
[3] In *Ewing v. Cooley,* 1:15-cv-277-HSO-JCG (S.D. Miss. Apr. 11, 2016), Plaintiff's claims were dismissed with prejudice as frivolous and for failure to state a claim. In *Ewing v. Richie*, 1:16-cv-90-HSO-JCG (May 17, 2016), claims against certain defendants were dismissed for failure to state a claim, and the remainder of the case is pending.
[4] *Ewing v. May,* 3:14-cv-474-LRA (S.D. Miss.); *Ewing v. Woodall,* 1:15-cv-253-LG-RHW (S.D. Miss.); *Ewing v. Banks,* 1:15-cv-298-RHW (S.D. Miss.); *Ewing v. Cooley,* 1:15-cv-381-HSO-JCG (S.D. Miss.); *Ewing v. Peabody,* 1:16-cv-46-HSO-JCG (S.D. Miss.); *Ewing v. Peabody,* 1:16-cv-52-HSO-JCG (S.D. Miss.); *Ewing v. Sanford,* 1:16-cv-56-HSO-JCG (S.D. Miss.); *Ewing v. William,* 1:16-cv-76-LG-RHW (S.D. Miss.); *Ewing v. Richie,* 1:16-cv-90-HSO-JCG (S.D. Miss.); *Ewing v. Frost,* 1:16-cv-121-LG-RHW (S.D. Miss.); *Ewing v. Horn,* 1:16-cv-122-LG-RHW (S.D. Miss.).
[5] At the omnibus hearing, Plaintiff indicated that it was Lieutenant David Horn, not Mitcheal Taylor, that participated in the strip search with Mikel Peabody. Plaintiff voluntarily dismissed Taylor and substituted in Horn.

the same day, January 26, 2016. *Id.* At the omnibus hearing, Plaintiff testified that he submitted an ARP regarding these events on January 26, 2016. He submitted a completed ARP grievance form dated January 26, 2016, but there is no stamp indicating that the form was ever received by MDOC. *See* (ECF No. 21-1). He also testified at the hearing that he knowingly filed the instant law suit before receiving a first step response to his ARP.

Defendants aver that "Plaintiff has not filed an ARP grievance regarding the above referenced claims and even if he had, it would have been impossible to exhaust his administrative remedies for the January 26, 2016 claim by February 16, 2016, the date he filed the present federal lawsuit." (ECF No. 23, at 6). In support, Defendants submitted the sworn affidavit of Joseph Cooley, the custodian of the ARP records at SMCI, which states that the ARP has no record of any grievance filed by Plaintiff regarding the events alleged to have occurred on January 26, 2016. (ECF No. 22-1); (ECF No. 22-2).

Plaintiff then responded to Defendant's Motion [all sic in original]:

On 1-26-2016 at 2:00 P.M. I Ricky R. Ewing #34353 did exhaust his grievance….
MDOC received a copy of this affidavit stating my facts from the (ARP) that Mr. Ewing 34353 file on 1-26-2016 at 2:00 P.M. at S.M.C.I. MDOC received it on Feb 3, 2016.

(ECF No. 24, at 2).

## II. DISCUSSION

### A. Summary Judgment Standard

Summary Judgment is mandated against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party has the burden of proof at trial. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In evaluating a motion for summary judgment, the Court must construe "all facts and inferences in the light most favorable to the non-moving party." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012).

### B. The Prison Litigation Reform Act

Because Plaintiff is a prisoner pursuing a civil action seeking redress from government employees, the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321, H.R. 3019 (codified as amended in scattered titles and sections of the U.S.C.), applies and requires that this case be screened.

The PLRA provides that "the Court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see* 28 U.S.C. § 1915(e)(2)(B). Accordingly, the statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the

unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

C. The PLRA's Exhaustion Requirement

A centerpiece of the PLRA's effort to "reduce the quantity and improve the quality of prisoner suits" is an "invigorated" exhaustion provision. *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). The PLRA provides:

> No action shall be brought with respect to prison conditions under [42 U.S.C.§ 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

"Exhaustion is no longer left to the discretion of the district court, but is mandatory." *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). "The PLRA attempts to eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" *Id.* at 93 (quoting *Porter*, 534 U.S. at 525). Proper exhaustion is required. A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Id.* at 83-84.

Exhaustion "is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time." *Dillon v.*

5

*Rogers*, 596 F.3d 260, 272 (5th Cir. 2010). "[J]udges may resolve factual disputes concerning exhaustion without the participation of a jury." *Id.*

    D.  <u>Plaintiff Did Not Exhaust MDOC's ARP</u>

The Mississippi Code grants MDOC the authority to adopt an administrative review procedure at each of its correctional facilities. Miss. Code Ann. § 47-5-801. MDOC has implemented an ARP through which prisoners may seek formal review of a complaint or grievance relating to any aspect of their incarceration.[6] Effective September 19, 2010, the ARP is a two-step process. *See Threadgill v. Moore*, No. 3:10-cv-378-TSL-MTP, 2011 WL 4388832, *3 n.6 (S.D. Miss. July 25, 2011).

Regardless of whether Plaintiff's ARP grievance dated January 26, 2016 was actually filed, Plaintiff's assertions in his court filings and testimony at the omnibus hearing clearly establishes that he failed to exhaust his available administrative remedies before filing suit. He stated that he submitted his ARP grievance on January 26, 2016 and filed suit on February 16, 2016 before ever receiving a first step response to his ARP. The ARP is a two-step process, requiring prisoners to appeal a dissatisfactory first step response and receive a dissatisfactory second step response before filing suit.[7] As established by Plaintiff's own averments, Plaintiff did no more than file an initial ARP grievance concerning the claims in this suit. Plaintiff cannot circumvent the requirement of exhaustion by filing suit before MDOC personnel can respond to his ARP grievance. Because he has failed to

---

[6] *See* MDOC Inmate Handbook, Ch. VIII, Administrative Remedy Program, http://www.mdoc.ms.gov/Inmate-Info/Pages/Inmate-Handbook.aspx.
[7] Alternatively, a prisoner may move on to the next step of the ARP if response time limits expire. However, it can take up to 90 days to complete both steps of the ARP process.

exhaust available administrative remedies, Plaintiff's claims are barred by 42 U.S.C. § 1997e(a) and should be dismissed without prejudice.

## III. RECOMMENDATION

It is recommended that the Amended Motion for Summary Judgment for Failure to Exhaust Available Administrative Remedies (ECF No. 22) filed by Defendants Mikel Peabody and Mitcheal Taylor be GRANTED, that Defendants' Motion for Summary Judgment (ECF No. 17) be found MOOT, and that Plaintiff's claims be dismissed without prejudice.

## IV. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

The Clerk of Court is directed to mail this Report and Recommendation to Plaintiff via USPS certified mail.

**SIGNED,** this the 6th day of April, 2017.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE