# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

RICKY RONNELL EWING                                              PLAINTIFF

v.                                    CIVIL ACTION NO. 1:16cv46-HSO-JCG

MIKEL PEABODY and
MITCHEAL TAYLOR                                                  DEFENDANTS

### ORDER OVERRULING PLAINTIFF'S OBJECTION [28], ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [26], GRANTING DEFENDANTS' AMENDED MOTION FOR SUMMARY JUDGMENT [22], AND DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [17] AS MOOT

This matter comes before the Court on Plaintiff Ricky Ronnell Ewing's Objection [28] to the Report and Recommendation [26] of United States Magistrate Judge John C. Gargiulo, entered in this case on April 6, 2017, regarding Defendants' Amended Motion for Summary Judgment [22]. Based upon his review of Defendants' Amended Motion [22], the related pleadings, and relevant legal authority, the Magistrate Judge determined that Plaintiff had not exhausted his available administrative remedies and recommended that Defendants' Amended Motion for Summary Judgment [22] be granted, that Defendants' Motion for Summary Judgment [17] be found moot, and that this case be dismissed without prejudice. R. & R. [26] at 7.

After thoroughly reviewing Plaintiff's Objection [28], the Magistrate Judge's Report and Recommendation [26], Defendants' Amended Motion for Summary Judgment [22], Defendants' Motion for Summary Judgment [17], the record, and relevant legal authority, the Court finds that Plaintiff's Objection [28] should be

overruled, that the Magistrate Judge's Report and Recommendation [26] should be adopted as the finding of the Court, that Defendants' Amended Motion for Summary Judgment [22] should be granted, that Defendants' Motion for Summary Judgment [17] should be denied as moot, and that this case should be dismissed without prejudice.

I. BACKGROUND

Pro se Plaintiff Ricky Ronnell Ewing ("Plaintiff"), proceeding *in forma pauperis*, filed a Complaint [1] pursuant to 42 U.S.C. §1983 in this Court on February 16, 2016. At that time, Plaintiff was incarcerated at the South Mississippi Correctional Institution ("SMCI") in Leakesville, Mississippi. Compl. [1] at 1. The Complaint [1] named as Defendants Mikel Peabody and Lt. Mitcheal Taylor ("Defendants"). *Id.* Subsequently, Defendants filed a Waiver of Service of Summons [11] and an Answer [12].[1]

Plaintiff alleges that on January 26, 2017, he was strip searched by Defendants in the presence of a female officer and that some of his legal papers were damaged. Compl. [1] at 4; Resp. [7] at 1; Obj. [21] at 4-5. In the form Complaint for § 1983 claims, Plaintiff responded affirmatively when asked whether

---

[1] At his Omnibus hearing, Plaintiff identified Lieutenant David Horn as the officer who participated in the strip search with Mikel Peabody, and agreed to voluntarily dismiss Defendant Taylor and substitute in Defendant Lieutenant David Horn. R&R [26] at 2 n.5. Because this case is being dismissed without prejudice, the substitution of a Defendant does not effect the outcome.

he had "completed the Administrative Remedy Program ["ARP"] regarding the claims presented in this complaint?" Compl. [1] at 3.

On January 24, 2017, Defendants filed a Motion for Summary Judgment [17] for Failure to Exhaust Available Administrative Remedies, and on February 17, 2017, they filed an Amended Motion [22]. Defendants argue that Plaintiff failed to file an ARP grievance let alone exhaust his available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (the "PLRA"), mandating dismissal of his claims. Am. Mot. [22] at 1-2; Mem. in Supp. [23] at 3-7. Even if Plaintiff did file an ARP as he asserts in his responses to Defendants' Motion and Amended Motion, he apparently admitted at the Omnibus hearing that he had filed the present Complaint before receiving a first-step response to his ARP. R&R [26] at 3.

On April 6, 2017, the Magistrate Judge entered a Report and Recommendation [26]. The Magistrate Judge determined that Plaintiff failed to exhaust his available administrative remedies and recommended that Defendants' Amended Motion for Summary Judgment [22] be granted, that Defendants' Motion for Summary Judgment [17] be denied as moot, and that Plaintiff's claims be dismissed without prejudice. R. & R. [26] at 6-7.

Plaintiff submitted an Objection [28] to the Report and Recommendation, again claiming that he did in fact file an ARP but that it is backlogged, such that he should be allowed to proceed to a jury trial. Obj. [28] at 2-4; ARP [28-1] at 1.

## II. DISCUSSION

A. Standard of review

Because Plaintiff has objected to the Magistrate Judge's Report and Recommendation, this Court is required to make a de novo determination of "'those portions of the [magistrate's] report or specified proposed findings or recommendations to which objection is made.'" *Funeral Consumers All. Inc. v. Serv. Corp Int'l*, 695 F.3d 330, 347 (5th Cir. 2012) (quoting *Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983) (quoting 28 U.S.C. § 636(b)(1)); *see also Longmire v. Guste,* 921 F.2d 620, 623 (5th Cir. 1991) (noting parties are entitled to a de novo review by an Article III Judge as to those issues to which an objection is made).

A court is not required, however, to make new findings of fact independent of those made by a magistrate. *Warren v. Miles*, 230 F.3d 688, 694-95 (5th Cir. 2000). Nor is a court required to reiterate the findings and conclusions of a magistrate judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993). Also, a court need not consider objections which are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987); *see also Nettles v. Wainwright,* 677 F.2d 404, 410 n. 8 (5th Cir.1982) ("Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court.").

B.  <u>Plaintiff was required to exhaust his available administrative remedies prior to filing suit.</u>

"The PLRA requires prisoners to exhaust 'such administrative remedies as are available' prior to filing a § 1983 action regarding prison conditions." *Cowart v. Erwin*, 837 F.3d 444, 451 (5th Cir. 2016) (quoting 42 U.S.C. § 1997e(a)). The United States Supreme Court has held that § 1997e's exhaustion "language is 'mandatory.'" *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016). "And that mandatory language means a court may not excuse a failure to exhaust, even to take [any special] circumstances into account." *Id.* "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." *Id.*

The United States Court of Appeals for the Fifth Circuit has explained that "[t]he prison's grievance procedures, and not the PLRA, define the remedies that are available and must thus be exhausted." *Cowart*, 837 F.3d at 451. The Fifth Circuit takes a "'strict' approach to § 1997e's exhaustion requirement, under which prisoners must not just substantially comply with the prison's grievance procedures, but instead must exhaust available remedies *properly*." *Id.* (emphasis in original) (quotation omitted).

The MDOC utilizes a "formal two-step process for handling inmate grievances." *Yankton v. Epps*, 652 F. App'x 242, 245 (5th Cir. 2016) (citing Miss. Code § 47-5-801, *et seq.*; *Wilson v. Epps*, 776 F.3d 296, 300 n.2 (5th Cir. 2015)).

"[T]o ensure their right to use the formal [ARP]," inmates "must make their request to the Adjudicator in writing within a 30 day period after an incident has occurred." [Inmate Handbook, MDOC, ch. VIII, sec. IV.] They are, however, discouraged from making repetitive requests and "are encouraged to continue to seek solutions to their concerns through informal means." [*See id*.]

Prior to the "first step" of this procedure, the Adjudicator screens the request to determine whether it meets specified criteria. [*See id*. at ch. VIII, sec. V.] If a request fails to meet that criteria, the Adjudicator will reject it and notify the inmate via Form ARP–1. [*See id*. at ch. VIII, sec. VI.] If the request meets the criteria, however, the Adjudicator will accept it into the ARP, and the request will then proceed to the first step. At the first step, the appropriate MDOC official receives the request via Form ARP–1 and provides a "first-step response" to the request via Form ARP–2. If the inmate is satisfied with this first-step response, he does not need to do anything further. If unsatisfied, however, the inmate may then proceed to the "second step" by indicating as much on the same Form ARP–2. At the second step, another appropriate MDOC official, such as a warden, provides the "second-step response" via Form ARP–3. If unsatisfied with the second-step response, the inmate may then bring a claim in court. [*See* Inmate Handbook, MDOC, ch. VIII, sec. IV.]

*Id*.

"MDOC employs a 'backlogging' policy under which only one ARP is considered active at a time, while the rest are maintained in 'backlog.'" *Wilson*, 776 F.3d at 300. The Fifth Circuit has "recognized that backlogging is not unconstitutional, nor does it abrogate § 1997e's exhaustion requirement." *Id*. at 301.

C. <u>Plaintiff's claims should be dismissed without prejudice for failure to exhaust administrative remedies.</u>

Having conducted a de novo review of the record, the Court agrees with the conclusions reached by the Magistrate Judge. Whether or not Plaintiff filed an

6

ARP grievance, Plaintiff apparently admitted at his Omnibus hearing that he filed the present case prior to exhausting his available administrative remedies. R&R [26] at 6. Although Plaintiff's Objection to the Report and Recommendation asserts that he completed the ARP process, Obj. [28] at 3, the only evidence submitted to support this allegation is an Affidavit of James Cooley, ARP Investigator II for the South Mississippi Correctional Institution, which attests that Plaintiff filed a grievance through the ARP at SMCI "concerning Officer Peabody shaking him down and strip searching him [w]hile females were present." Aff. [28-3] at 1. However, the Affidavit further states that the "grievance is in backlog." *Id.*

Having conducted a de novo review of the record, the Court agrees with the conclusions reached by the Magistrate Judge. Even presuming the grievance reflected in the Affidavit relates to the allegations asserted by Plaintiff in the present case, there can be no genuine dispute that Plaintiff has failed to properly exhaust his available administrative remedies prior to filing this action, as his ARP remains in backlog as a result of his own filings.[2] Due to Plaintiff's failure to exhaust, dismissal is appropriate. *See Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). Defendants' Amended Motion [21] for Summary Judgment should be granted, and Plaintiff's claims should be dismissed without prejudice.

---

[2] As set forth in the Report and Recommendation, Plaintiff has filed a plethora of lawsuits. R&R [26] at 2.

III. CONCLUSION

Plaintiff's Objection [28] will be overruled, and the Magistrate Judge's Report and Recommendation [26] will be adopted as the finding of this Court. Defendants' Amended Motion for Summary Judgment [22] will be granted, Defendants' Motion for Summary Judgment [17] will be denied as moot, and Plaintiff's claims will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiff Ricky Ronnell Ewing's Objection [28] is **OVERRULED**, and the Report and Recommendation [26] of United States Magistrate Judge John C. Gargiulo, entered in this case on April 6, 2017, is adopted in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Defendants' Amended Motion for Summary Judgment [22] is **GRANTED**, Defendants' Motion for Summary Judgment [17] is **DENIED AS MOOT**, and Plaintiff Ricky Ronnell Ewing's claims are **DISMISSED WITHOUT PREJUDICE**. A separate final judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 5th day of June, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE